COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 2, 2022

Peter J. Walsh, Jr., Esquire
Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Mathew A. Golden, Esquire
Callan R. Jackson, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19801

Edward B. Micheletti, Esquire
Lauren N. Rosenello, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
P.O. Box 636
Wilmington, DE 19899-0636

Brad D. Sorrels, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

> Re:  *Twitter, Inc. v. Elon R. Musk et al.*,
>      C.A. No. 2022-0613-KSJM

Dear Counsel:

Defendants Elon R. Musk, X Holdings I, Inc., and X Holding II, Inc. (collectively "Defendants"), are granted leave to submit a Reply In Further Support Of Their Motion To Compel Production Of Slack Messages (Defendant's "Fourth Discovery Motion") by the close of business today.[1]

The parties should also be prepared to discuss, during oral argument on Tuesday, September 6, 2022, whether Twitter, Inc. ("Plaintiff") would be willing to submit the

---

[1] C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 264; *see also* Dkt. 319 (Pl.'s Opposition To Defs.' Fourth Disc. Mot.); Dkt. 335 (Defs.' Mot. For Leave To Submit A Reply); Dkt. 340 (Pl.'s Opposition to Defs.' Mot. For Leave To Submit A Reply).

requested Slack Messages data to Defendants pursuant to a modified "quick peek" arrangement.[2]

Here is why I make this proposal: Although I made clear early on that discovery would be bilateral, Plaintiff's discovery efforts and the corresponding burdens have been far greater than those of Defendants. Plaintiff has produced documents from 42 custodians in addition to being ordered to create the "historical snapshot" that was the subject of Defendants' Second Discovery Motion.[3] Defendants have had it much easier, producing documents from only two custodians. Given the lopsided nature of discovery efforts to date, and the added burden that producing Slack Messages from additional custodians would impose on Plaintiff, it seems reasonable to shift some of the burden of Defendants' request to Defendants.

As modifications to the typical quick-peek arrangement, I suggest that: the data be provided on an attorneys'-eyes-only basis to Defendants for a limited duration (maybe five days); Defendants' counsel review the data and identify those Slack Messages that they believe, in good faith, are responsive to their discovery requests (the "Responsive

---

[2] For the uninitiated, a quick-peek arrangement is a tool used in this court to allow a litigant to produce raw data to an opposing party without waiving privilege or any other rights as to that data. Usually, quick peeks come in the form of an stipulation, where the parties agree that the production of the raw data does not constitute a waiver any rights in connection with that data. In this case, I would enter an order making clear that I would not view the act of production as giving rise to waiver.

[3] *See* Dkt. 247 (Letter Decision ordering Plaintiff to product the 9,000 accounts reviewed in connection with Plaintiff's Q4 2021 audit, which the parties refer to as the "historical shapshot").

Messages"); Defendants propose redactions to the Responsive Messages for Plaintiff's review; and Defendants destroy or return any data other than the Responsive Messages on a date certain.

I have not yet determined to order a quick-peek arrangement or what I will do in the event the parties do not agree to one. I look forward to hearing the parties' positions as to this proposal during the September 6, 2022 hearing.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:     All counsel of record (by *File & ServeXpress*)